## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THUY LE,<br><br>               Plaintiff,<br><br>   -against-<br><br>MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S CORPORATE SERVICES, INC., BLUEMERCURY and jointly and individually MARGUERITE (MAGGIE) DEWINE, REXANA RODRIGUEZ and KATE FISHER,<br><br>               Defendants. | Civil Action No.<br>    (ECF Case)<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and though Plaintiff's attorney, the Law Offices of Laurie E. Morrison, hereby alleges:

### NATURE OF THE ACTION

1.      This is an employment case about Defendant employers Macy's, Inc.; Macy's Retail Holdings, Inc.; Macy's Corporate Services, Inc., Bluemercury and their supervisors, including, but not limited to, Defendants Marguerite (Maggie) Dewine, Rexana Rodriguez and Kate Fisher, discriminating against, harassing and retaliating against Plaintiff employee, Thuy Le, on a regular basis because of Plaintiff's Asian race, ethnicity, national origin, sex/gender and legally protected complaints.

2.      Defendants' unlawful abuse included, but was not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring

against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

3.      Plaintiff's claims include harassment, hostile work environment, discrimination and retaliation based on race, ethnicity, national origin, sex/gender and legally protected complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., as amended ("Title VII"); Section 1981, 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"); the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq*. (NYCHRL").

4.      This action is against Plaintiff's former employers Macy's, Inc.; Macy's Retail Holdings, Inc.; Macy's Corporate Services, Inc., Bluemercury (collectively, "Defendant Companies") and against former supervisors Marguerite (Maggie) Dewine (hereinafter, "Defendant Dewine"), Rexana Rodriguez (hereinafter, "Defendant Rodriguez") and Kate Fisher (hereinafter, "Defendant Fisher") (collectively, "Defendants").

## **PARTIES**

5.      Plaintiff, Thuy Le, is a natural person who, at all times relevant to this action, resided in Kings County, New York.

6.      Defendant Dewine is a natural person who, upon information, and belief at all times relevant to this action, resided in New York County, New York.

7.      Defendant Rodriguez is a natural person who, upon information, and belief at all times relevant to this action, resided in New York County, New York.

8.      Defendant Fisher is a natural person who, upon information, and belief at all times relevant to this action, resided in New York County, New York.

2

9.     Defendant Macy's, Inc. is a foreign business corporation duly authorized to conduct business in New York State.

10.    Defendant Macy's Corporate Services, Inc. is a foreign business corporation duly authorized to conduct business in New York State.

11.    Defendant Macy's Retail Holdings, Inc. is a domestic business corporation.

12.    Defendant Bluemercury is a business entity duly authorized to conduct business in New York State.

13.    During all times relevant to this action, Defendant Companies maintained an office located on 695 Avenue of the Americas, New York, NY 10010 (hereinafter, "Defendant Companies' Chelsea location").

14.    Plaintiff worked in Defendant Companies' Chelsea location.

15.    Defendant Companies employed more than 75 individuals during Plaintiff's employment.

16.    Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  *See* 28 U.S.C. § 1331 [Federal Questions] and 29 U.S.C. § 2617 [Enforcement].

18.    This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. § 1367.

19.    Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

20.    On or around February, 2017, Plaintiff filed charges of discrimination and retaliation against Defendants based on race, ethnicity, national origin, sex, gender and legally protected complaints (the "Charges") in the Equal Employment Opportunity Commission ("EEOC"), which was dually filed in the New York State Human Rights Division.

21.    Upon request, Plaintiff received a Notice of Right To Sue from the EEOC, dated May 25, 2018.

22.    This action is being brought within 90 days of Plaintiff's receipt of the said Notice of Right to Sue.

23.    Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

24.    Plaintiff seeks an award of appropriate relief.


## RELEVANT FACTS

25.    Plaintiff, Thuy Le, is of Vietnamese and Guyanese descent.

26.    Ms. Le was born in China.

27.    Ms. Le moved to the United States of America in 1989.

28.    Ms. Le was 5 years old at that time.

29.    Ms. Le became an American citizen on or around 2003, when Ms. Le was 19 years old.

30.    Defendant Companies hired Ms. Le in March, 2015.

4

31.     Defendant Companies hired Ms. Le to work as a store manager in its Chelsea, New York location: 695 Avenue of the Americas, New York, NY 10010.

32.     Ms. Le's work duties included recruiting, hiring, maintaining store sales goals and operations, inventory control, meeting and exceeding store sales goals, maintaining the store's spa area, and hiring store estheticians.

33.     Ms. Le maintained a good work performance record.

34.     Ms. Le received a regional manager position.

35.     Ms. Le's annual salary was approximately $50k.

36.     Ms. Le's annual salary did not include monthly bonuses, which Ms. Le was also eligible to receive.

37.     Ms. Le received monthly bonuses that averaged approximately $1,000-2000.

38.     From on or around June, 2015 to November, 2015, Defendant Companies were aware that diverters frequented their store locations.

39.     Diverters are people who buy large amounts of products, such as cosmetics and skincare, then resell them in different markets at higher prices for a profit.

40.     Diverters also used fraudulent credit cards in Defendant Companies' stores.

41.     Defendant Companies' Chelsea location where Ms. Le worked did not have a credit card machine that was able to process credit cards that contained security chips.

42.     Therefore, employees checked customer identification documents ("IDs") against their credit card purchases to guard against fraudulent purchases.

43.     By on or around December, 2015, credit card fraud in Defendant Companies' stores had become wide-spread/company-wide.

44. Defendants began having conference calls and/or meetings regarding the fraudulent activities and the diverters.

45. On or around the end of November, 2015, Defendant Dewine became a district manager of the store where Ms. Le worked.

46. Defendant Dewine had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff.

47. On or around December 16, 2015, Ms. Le was present during a conference call regarding the diverters and/or the fraud.

48. On or around December 31, 2015, Ms. Le was present during a conference call regarding the diverters and/or the fraud.

49. Donna Peters was on both conference calls.

50. Donna Peters was one of Defendant Companies' Directors of Operations.

51. Ms. Peters worked in Bluemercury's corporate office.

52. Kathy Durant was on both conference calls.

53. Kathy Durant was one of Defendant Companies' Operations Managers.

54. Ms. Durant worked in Bluemercury's corporate office.

55. Defendant Fisher was on both conference calls.

56. Defendant Fisher was one of Defendant Companies' Vice Presidents/Directors.

57. Defendant Fisher had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff.

58. Defendant Dewine was on both conference calls.

59. Another supervisor (first and last name unknown) who worked in one of Defendants' corporate offices and who was also on both calls, stated that **"all diverters are Asians"** more than 2 times.

60. Defendant Dewine heard the supervisor's statement(s) that **"all diverters are Asian."**

61. Defendant Fisher heard the supervisor's statement(s) that **"all diverters are Asian."**

62. The supervisor did not mention diverters of other ethnicities, races, or national origins, only Asians.

63. Company staff members experienced diverters of other races, ethnicities and national origins in addition to Asians, including Brazilians, Africans, Italians and Eastern Europeans.

64. On or around January, 2016, Defendant Dewine called Ms. Le's Chelsea location.

65. Defendant Dewine told Ms. Le that staff members should avoid selling to Asian clients buying La Mer skincare or Fresh skincare lines.

66. Defendant Dewine told Ms. Le that such **Asian clients should be avoided "because they are the only diverters coming into Bluemercury."**

67. Ms. Le complained to Defendant Dewine that her comments and instructions were racist/discriminatory.

68. Ms. Le complained to Defendant Dewine that her comments and instructions should stop.

69. On or around February, 2016, Defendant Dewine called Ms. Le's store.

70. Defendant Dewine asked if Ms. Le had anything to do with the diverters and the fraud.

71. Ms. Le responded no.

72. Ms. Le asked if Defendant Dewine directed her question at Ms. Le because Ms. Le is Asian.

73. Defendant Dewine confirmed, responding that it seemed **"shady."**

74. Defendant Dewine's claims of increased fraudulent charges from Ms. Le's store location were questionable.

75. When fraudulent credit card transactions occur, the store where the fraudulent card was used will typically receive a fax (a.k.a. a "Chargeback") from the bank regarding the fraudulent transaction.

76. Upon information and belief, Ms. Le's store had not received a chargeback since January, 2016.

77. In February, 2016, the company's east coast managers met for a semi-annual conference in Summit, New Jersey.

78. Ms. Le attended the meeting.

79. Approximately 25-30 store managers attended the meeting.

80. Defendant Fisher was one of the leaders of the meeting.

81. During the meeting, Defendant Fisher spoke about sales numbers, events and fraudulent credit cards.

82. During the portion of the meeting that discussed fraudulent activities, Defendant Fisher pointed Ms. Le out in front of the meeting attendees.

83. Defendant Fisher stated **"Thuy knows about the credit card fraud."**

84.     Defendant Fisher stated **"all diverters are Asians and you have to be careful!"**

85.     Upon information and belief, Ms. Le was only one of two Asian people in the meeting of approximately 30 managers.

86.     Defendant Fisher's comments and conduct further alienated Ms. Le from her colleagues.

87.     Defendant Fisher's comments and conduct degraded Ms. Le in front of co-workers and supervisors.

88.     Several meeting members turned and looked at Ms. Le.

89.     On or around early February, 2016, Defendant Dewine notified Ms. Le that the company would be giving Ms. Le a disciplinary write-up.

90.     The disciplinary write-up claimed that Ms. Le's store had not deposited the store's cash in the bank on that day.

91.     Other stores had not deposited their cash on particular days with impunity.

92.     For example, on or around early February, 2016, Defendant Companies' Union Square location had not deposited at least 10-15 deposit bags in the bank.

93.     At least one manager of the Union Square location was not disciplined for neglecting to deposit the store's cash in the bank.

94.     Defendant Dewine gave Ms. Le the disciplinary write-up a few days later.

95.     Defendant Dewine told Ms. Le that she was being placed on a final disciplinary notice.

96.     Ms. Le asked her why she would be on a final notice.

97.     The disciplinary write-up was Ms. Le's first alleged offense.

98.     Upon information and belief, a progressive discipline policy was in effect during Ms. Le's employment.

99.     Upon information and belief, the progressive discipline policy applied to staff members, including Ms. Le.

100.    The progressive discipline policy required that an employee receive a verbal warning, then a disciplinary write-up, before receiving a final written notice or a termination of employment.

101.    Ms. Le complained about Defendants' discrimination and retaliation.

102.    Ms. Le complained about Defendants' disparate treatment against her.

103.    Defendants' unlawful abuse escalated.

104.    In March, 2016, Defendant Dewine contacted Ms. Le on at least 2 occasions regarding alleged fraudulent transactions purportedly occurring in Ms. Le's store.

105.    Upon information and belief, there were no documents demonstrating fraud emanating from Ms. Le's store in March, 2016.

106.    Upon information and belief, there was no chargeback paperwork showing fraud emanating from Ms. Le's store in March, 2016.

107.    Defendant Dewine also began to excessively scrutinize Ms. Le's work performance.

108.    For example, district managers perform store assessments, where they check on the stores for cleanliness, protocols, merchandising, etc..

109.    Managers typically complete the store assessments in the mornings, before customers arrive and the busy workday begins.

110.    Defendant Dewine arrived for a store assessment at approximately 5pm to assess Ms. Le's store.

111.    Defendant Dewine arrived for a store assessment during rush hour.

112.    By 5pm, merchandise, store mirrors, counter tops and other items are typically heavily touched by staff and by customers.

113.    By 5pm, stores can be disorganized by the normal wear and tear of the busy workday.

114.    Defendant Dewine gave Ms. Le's store an almost failing grade.

115.    Defendant Dewine overly scrutinized Ms. Le's store.

116.    Defendant Dewine noted dust on store panels.

117.    Defendant Dewine noted fingerprints on a mirror.

118.    These were relatively minor things to note on an assessment.

119.    Upon information and belief, Defendant Dewine did not note such minor things on store assessments of Non-Asian staff members.

120.    Upon information and belief, Defendant Dewine did not note such minor things on store assessments of staff members who had not complained of discrimination or retaliation.

121.    Defendant Dewine did not notify Ms. Le that she was going to perform a store assessment during rush hour that day.

122.    Defendant Dewine did not notify Ms. Le before she arrived in Ms. Le's store at rush hour for a store assessment.

123.    Upon information and belief, Defendant Dewine gave prior notice before store assessments to at least 2 store managers who were not Asian.

124. Defendant Dewine gave prior notice to Stephanie Sidnam before arriving for a store assessment.

125. Stephanie Sidnam worked in Defendant Companies' Union Square location.

126. Stephanie Sidnam is not Asian.

127. Upon information and belief, Defendant Dewine gave prior notice before store assessments to at least one manager who had not complained of discrimination, harassment and/or retaliation.

128. Upon information and belief, Stephanie Sidnam had not previously complained of discrimination, harassment or retaliation in the workplace.

129. Upon information and belief, Defendant Dewine performed a store assessment in the morning for at least 1 manager who was not Asian.

130. Upon information and belief, Defendant Dewine performed a store assessment in the morning for at least 1 manager who had not previously complained of discrimination, harassment or retaliation in the workplace.

131. On or around the end of March, 2016, Defendant Dewine claimed that Ms. Le gave BlueMercury's skincare brand M61 to her staff.

132. Upon information and belief, at least 2 store managers who were not Asian gave staff members the M61 product with impunity.

133. Other store managers who had not complained of discrimination, harassment or retaliation gave staff members the M61 product with impunity.

134. The following week, Defendant Dewine instructed one of Ms. Le's associates to have sales of M61 from Ms. Le's Chelsea location charged at Defendant Companies' Union Square location.

135.    Defendant Dewine's instruction would result in Ms. Le's store showing inaccurately deflated sales and questionable inventory.

136.    Defendant Dewine's instruction would result in Defendant Companies' Union Square store showing inaccurately inflated sales.

137.    Ms. Le complained to Defendant Rodriguez about the escalating discrimination, harassment and retaliation.

138.    Defendant Rodriguez was one of Defendant Companies' Regional Managers.

139.    Defendant Rodriguez had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff.

140.    Ms. Le complained to Defendant Fisher about the escalating discrimination, harassment and retaliation.

141.    Upon information and belief, Defendant Companies did not investigate Ms. Le's complaints at any time during Ms. Le's employment.

142.    On or around April 14, 2016, Defendant Dewine told Ms. Le that she would receive a bonus.

143.    On or around April 14, 2016, Defendant Dewine told Ms. Le that she would be compensated 1% commission on her sales.

144.    Previously, Ms. Le received greater than 1% commission on her sales.

145.    Defendant Dewine claimed that Ms. Le sold $3500 worth of merchandise in March, 2016.

146.    Defendant Dewine's claim did not accurately reflect Ms. Le's actual sales for March, 2016.

147.    Upon information and belief, Defendant Companies' bonus plan did not require that managers lose their bonuses when they did not sell a certain amount of merchandise.

148.    Upon information and belief, Defendant Companies' employee handbook did not require that managers lose their bonuses when they did not sell a certain amount of merchandise.

149.    At least 2 managers rotated sales between staff members during Ms. Le's employment.

150.    Upon information and belief, at least 2 managers who were not Asian received bonuses irrespective of their individual sales figures.

151.    Upon information and belief, at least 2 managers who had not complained of workplace discrimination, harassment or retaliation received bonuses irrespective of their individual sales figures.

152.    Upon information and belief, at least 2 managers who were not Asian did not achieve high sales, yet they received bonuses and/or commissions.

153.    Upon information and belief, at least 2 managers who had not complained of workplace discrimination, harassment or retaliation did not achieve high sales, yet they received bonuses and/or commissions.

154.    Ms. Le complained to Defendant Rodriguez that she was being treated differently than non-Asian staff members.

155.    Defendant Rodriguez told Ms. Le that she would investigate the matter.

156.    Upon information and belief, Defendant Rodriguez did not investigate Ms. Le's complaints of alleged discrimination, disparate treatment or retaliation at any time during Ms. Le's employment.

157.    Upon information and belief, Defendant Dewine did not investigate Ms. Le's complaints of alleged discrimination, disparate treatment or retaliation at any time during Ms. Le's employment.

158.    Upon information and belief, Defendant Fisher did not investigate Ms. Le's complaints of alleged discrimination, disparate treatment or retaliation at any time during Ms. Le's employment.

159.    Upon information and belief, Defendant Companies did not investigate Ms. Le's complaints of alleged discrimination, disparate treatment or retaliation at any time during Ms. Le's employment.

160.    After Ms. Le's complaints, Defendant Dewine told Ms. Le that she would not receive her bonus.

161.    Defendant Dewine stated that Ms. Le would receive a disciplinary write up.

162.    Defendant Dewine stated that Ms. Le would receive the disciplinary write up for allegedly not selling enough merchandise in March, 2016.

163.    Defendant Dewine stated that Defendant Companies would begin implementing a new policy that would require store managers to reach pre-designated sales benchmarks.

164.    Ms. Le complained that the disciplinary write up was made in response to her complaints of discrimination, harassment and disparate treatment.

165.    Ms. Le complained that the disciplinary write up was made in response to her complaints of retaliation.

166.    Ms. Le complained that that she was disciplined for allegedly violating a policy that did not exist.

167.    After Ms. Le's complaints, Defendants did not give her the disciplinary write-up for allegedly not selling enough merchandise in March, 2016.

168.    On or around April 29, 2016, Ms. Le attended a meeting at Defendant Companies' Chelsea location.

169.    Defendant Dewine attended the meeting.

170.    Defendant Rodriguez attended the meeting.

171.    Staff member Ernesto Gorbea attended the meeting.

172.    Staff member Martyna Armioia attended the meeting.

173.    Staff member Maria LeGrand attended the meeting.

174.    Staff member Tanairi Cruz attended the meeting.

175.    During the meeting, Defendant Dewine stated that fraud was occurring in Defendant Companies' Chelsea location where Ms. Le worked.

176.    Defendants' claims further alienated Ms. Le from co-workers and supervisors.

177.    Defendants' claims further demeaned Ms. Le.

178.    Ms. Le requested chargeback records of the alleged fraud.

179.    Ms. Le requested documentary proof of the alleged fraud.

180.    Defendants did not give Me. Le records of the alleged fraud at any time during her employment.

181.    Thereafter, Defendant Dewine again claimed that there was fraud in Ms. Le's store.

182.    Defendant Dewine did not give Ms. Le documents to show the alleged fraud.

183.    Thereafter, Defendant Rodriguez, claimed that there was fraud in Ms. Le's store.

184.    Defendant Rodriguez did not give Ms. Le documents to show the alleged fraud.

185.    Thereafter, Defendant Fisher, claimed that there was fraud in Ms. Le's store.

186.   Defendant Fisher did not give Ms. Le documents to show the alleged fraud.

187.   By May 2, 2016, Ms. Le received notice from associates that Defendants were planning to terminate her employment.

188.   Ms. Le also received information that Virginia Meyers would replace Ms. Le in Defendants' Chelsea location.

189.   On or around July 6, 2016, Defendant Rodriguez and Defendant Fisher told Ms. Le to walk outside the store so they could talk.

190.   Defendants asked Ms. Le about her complaints of discrimination, harassment, disparate treatment and retaliation.

191.   Ms. Le reiterated her complaints.

192.   After Ms. Le's complaints, Defendant Fisher claimed that Ms. Le created fraud in her store by accepting fake credit cards and not verifying them.

193.   In reality, Ms. Le did not create fraud in her store.

194.   In reality, Ms. Le did not accept fake credit cards and not verify them.

195.   Defendant Fisher stated that Ms. Le's activities were **"suspicious."**

196.   Defendant Fisher stated that Ms. Le was unqualified and not experienced enough to run her store.

197.   Defendant Fisher stated that Defendants were going to transfer Ms. Le to Defendant Companies' West Village location.

198.   Ms. Le did not want to be transferred to the West Village location.

199.   One of the managers in Defendants' West Village location was Christina Dugan.

200.   Ms. Dugan told employees that Ms. Le was working with the Asian diverters to make sales goals.

201.   Ms. Dugan's comments humiliated Ms. Le.

202.   Ms. Dugan's comments further alienated Ms. Le from co-workers and supervisors.

203.   Upon information and belief, Ms. Dugan did not tell employees that non-Asian staff members worked with Asian diverters to make sales goals.

204.   Upon information and belief, Defendant Dewine was aware of Manager Dugan's claims that Ms. Le allegedly worked with Asian diverters.

205.   Upon information and belief, Defendant Rodriguez was aware of Manager Dugan's claims that Ms. Le allegedly worked with Asian diverters.

206.   Ms. Le told Defendant Dewine that Manager Dugan's conduct was discriminatory.

207.   Ms. Le told Defendant Rodriguez that Manager Dugan's conduct was discriminatory.

208.   Defendants told Ms. Le **"You should think about your next move Thuy."**

209.   Defendants told Ms. Le **"Think about what you really want to do."**

210.   Defendants told Ms. Le **"You only have but so many options, so think wisely."**

211.   Defendants were prompting Ms. Le to resign her employment.

212.   After speaking with Ms. Le, Defendant Rodriguez and Defendant Fisher called associate Martyna Armioia outside to speak with them.

213.   Martyna Armioia is White and/or has a light/fair colored complexion.

214.   Martyna Armioia is not Asian.

215.   Defendant Rodriguez and Defendant Fisher did not request to speak with Maria LeGrand.

216.   Maria LeGrand is African American.

217.    Defendant Rodriguez and Defendant Fisher did not request to speak with Ernesto Gorbea.

218.    Ernesto Gorbea is Puerto Rican.

219.    On or around July 6, 2016, after speaking with Ms. Le, Defendant Rodriguez and Defendant Fisher did not ask to speak with employees who were racial/ethnic minorities.

220.    On or around July 7, 2016, Ms. Le followed up with Defendant Fisher regarding receiving proof of alleged fraud in the Chelsea location.

221.    On or around July 7, 2016, Ms. Le followed up with Defendant Rodriguez regarding receiving proof of alleged fraud in the Chelsea location.

222.    Ms. Le reiterated that she did not want to be transferred to another store.

223.    Ms. Le did not receive a response.

224.    On or around July 13, 2016, July 14, 2016, and July 18, 2016, Defendant Dewine told Ms. Le that the Chelsea location was missing approximately 100,000 of inventory.

225.    Ms. Le requested the paperwork to show the missing inventory.

226.    Defendants did not give Ms. Le the requested paperwork.

227.    On or around July 18, 2016, Ms. Le checked security cameras and discovered that associate Ernesto Gorbea had been stealing merchandise.

228.    Ernesto Gorbea's activities caused the inventory discrepancies.

229.    The inventory discrepancies were not due to alleged fraud by Asian diverters.

230.    Defendants fired Mr. Gorbea for theft.

231.    On or around August 4, 2016, Defendant Rodriguez and Defendant Dewine told Ms. Le that she was going to be transferred to a different store.

232.    Ms. Le again complained that she was being discriminated against, harassed and retaliated against.

233.    Defendants transferred Ms. Le to their West Village location, at 404 6th Avenue, NYC, NY 10011.

234.    Ms. Le began working at Defendant Companies' West Village location on or around August 18, 2016.

235.    Within days of working in the West Village location, Defendant Dewine arrived in the store to perform a store assessment.

236.    Upon information and belief, supervisors do not typically conduct store assessments within days of a supervisor's/manager's transfer to a new store location.

237.    Defendant Dewine gave Ms. Le a 52%, which is a failing grade.

238.    Defendant Dewine told Ms. Le that she failed 2 store assessments.

239.    Defendant Dewine told Ms. Le that so she would be fired if she received one more failing grade.

240.    Defendants lowered the bonus plan at Defendant Companies' Chelsea location during Ms. Le's tenure.

241.    Specifically, on or around August 2016, the bonus plan in the Chelsea location was between $675-$875 max.

242.    In September, 2016, the bonus plan in the Chelsea store increased to $850-$1050.

243.    The bonus plan increase occurred after Ms. Le was transferred to the West Village location in August, 2016.

244.    On or around September 2, 2016, employee Sergio Castillo was promoted to manage the Chelsea store location.

245.    On or around September 2, 2016, Mr. Castillo sent Ms. Le a personal snap message.

246.    The snap message showed Mr. Castillo having sexual relations with a woman.

247.    Ms. Le was shocked and disgusted.

248.    Ms. Le complained to Defendant Dewine immediately.

249.    From September to November 11, 2016, Defendant Dewine did not respond to Ms. Le's complaints.

250.    From September to November 11, 2016, Defendant Dewine did not respond to Ms. Le's telephone calls.

251.    After months of Ms. Le's attempts, Defendant Dewine finally saw the video recording that Mr. Castillo had sent to Ms. Le.

252.    Defendant Dewine claimed that she would investigate the matter.

253.    Upon information and belief, Defendants did not investigate the matter at any time during Ms. Le's employment.

254.    Upon information and belief, Defendants did not rectify the situation.

255.    The abuse further alienated Ms. Le from her co-workers.

256.    The abuse further demeaned Ms. Le in the workplace.

257.    The abuse further undermined Ms. Le's workplace authority.

258.    The escalating abuse resulted in the termination of Ms. Le's employment on or around December 9, 2016.

### AS FOR THE FIRST CAUSE OF ACTION
### FOR RACE/ETHNICITY DISCRIMINATION AND HOSTILE WORK ENVIRONMENT UNDER TITLE VII
### (Against Defendant Companies)

259.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

260.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.

261.    During all times material, Defendant Companies were and are employers within the meaning of Title VII.

262.    At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

263.    At all relevant times, Plaintiff was and is an Asian woman and a member of protected classes within the meaning of Title VII.

264.    At all relevant times, Defendants were aware of Plaintiff's race, ethnicity, sex, gender and national origin.

265.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

266.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

267.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

268.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

269.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

270.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

271.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

272.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

273.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

274.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

275.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

**AS FOR THE SECOND CAUSE OF ACTION**
**FOR RACE/ETHNICITY RETALIATION UNDER TITLE VII**
**(Against Defendant Companies)**

276.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

277.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendant.

278.    Defendants discriminated against and harassed Plaintiff in violation of Title VII.

279.    Plaintiff complained about Defendants' discrimination and harassment.

280.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with

impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

281.     Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

282.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

283.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

284.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

285.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

286.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

287.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE THIRD CAUSE OF ACTION
## FOR NATIONAL ORIGIN DISCRIMINATION AND HOSTILE WORK ENVIRONMENT UNDER TITLE VII
### (Against Defendant Companies)

288.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

289.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

290.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

291.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

292.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

293.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

294.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

295.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

296.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

297.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

298.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

299.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

300.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE FORTH CAUSE OF ACTION
## FOR NATIONAL ORIGIN RETALIATION UNDER TITLE VII
### (Against Defendant Companies)

301.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

302.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

303.     Defendants discriminated against Plaintiff in violation of Title VII.

304.     Plaintiff complained about Defendants' discrimination and harassment.

305.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with

impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

306.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

307.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

308.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

309.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

310.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

311.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

312.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.


### AS FOR THE FIFTH CAUSE OF ACTION
### FOR SEX AND GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT UNDER TITLE VII
### (Against Defendant Companies)

313.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

314.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants.

315.    Defendants engaged in unlawful employment practices prohibited by Title VII with behaviors including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

316.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

317.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

318.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

319.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

320.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

321.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

322.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

323.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

324.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

325.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE SIXTH CAUSE OF ACTION
## FOR SEX AND GENDER RETALIATION UNDER TITLE VII

326.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

327.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendant.

328.     Defendants discriminated against Plaintiff in violation of Title VII.

329.     Plaintiff complained about Defendants' discrimination and harassment.

330.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with

impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

331.   Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

332.   Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

333.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

334.   As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

335.   As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

336.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

337.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Companies under Title VII.

## AS FOR THE SEVENTH CAUSE OF ACTION
## FOR RACE/ETHNICITY DISCRIMINATION
## AND HOSTILE WORK ENVIRONMENT UNDER SECTION 1981

338.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

339.     This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

340.     42 USC Section 1981 states, in relevant part, as follows:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

341.     the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

342.     Defendants subjected Plaintiff to discrimination and harassment based on race, color and/or ethnicity with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

343.     Defendants' conduct was so severe or pervasive that a reasonable person in Plaintiff' positions would find that Plaintiff's work environment was hostile or abusive.

344.     Plaintiff reasonably believed that their work environment was hostile or abusive as a result of Defendants' conduct.

345.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

346.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

347.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

348. As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

## AS FOR THE EIGHTH CAUSE OF ACTION
## FOR RACE/ETHNICITY RETALIATION UNDER SECTION 1981

349. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

350. This Count is brought under 42 U.S.C.A. § 1981, as amended by the Civil Rights Act of 1991 (collectively, "Section 1981"), and reference is made to Section 1981 its entirety.

351. 42 USC Section 1981 states, in relevant part, as follows:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

352. the clause "to make and enforce contracts" in Section 1981 "includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

353. Defendants' misconduct violated Section 1981.

354. Plaintiff complained about Defendants' unlawful conduct.

355. In response to Plaintiff's complaints, Defendants retaliated with misconduct including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because

36

she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

356.   Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff' federally protected rights.

357.   Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

358.   As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

359.   As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

360.   As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

## AS FOR THE NINTH CAUSE OF ACTION
## FOR RACE/ETHNICITY DISCRIMINATION
## AND HOSTILE WORK ENVIRONMENT UNDER THE NYSHRL

361.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

362.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

363.    During all times material, Defendant Companies were and are employers within the meaning of the NYSHRL.

364.    At all relevant times, Defendant Dewine had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

365.    At all relevant times, Defendant Fisher had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

366.    At all relevant times, Defendant Rodriguez had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

367.    At all times material, Plaintiff was an employee and an individual within the meaning of the NYSHRL.

368.   At all times material, Plaintiff was and is a person and employee within the meaning of the NYSHRL.

369.   At all times material, Plaintiff was and is an Asian woman and a member of protected classes within the meaning of the NYSHRL.

370.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

371.   Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

372.   Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

373.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

374.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

375.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

376.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE TENTH CAUSE OF ACTION**
**FOR RACE/ETHNICITY RETALIATION UNDER THE NYSHRL**

377.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

378.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

379.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

380.     Plaintiff complained about Defendants' discrimination and harassment.

381.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

382.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

383.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

384.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

385.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

386.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE ELEVENTH CAUSE OF ACTION**
**FOR NATIONAL ORIGIN DISCRIMINATION AND HOSTILE WORK**
**ENVIRONMENT UNDER THE NYSHRL**

387.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

388.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

389.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

390.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

391.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and/or gender, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

392.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

393.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

394.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

395.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE TWELFTH CAUSE OF ACTION
## FOR NATIONAL ORIGIN RETALIATION UNDER THE NYSHRL

396.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

397.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

398.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

399.    Plaintiff complained about Defendants' discrimination and harassment.

400.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

401.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

402.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

403.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

404.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

405.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE THIRTEENTH CAUSE OF ACTION
## FOR SEX AND GENDER DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT UNDER THE NYSHRL

406.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

407.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

408.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL with misconduct including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

409.    Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

410.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and/or gender, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

411.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

412.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

413.   Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

414.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE FORTEENTH CAUSE OF ACTION
## FOR SEX AND GENDER RETALIATION UNDER THE NYSHRL

415.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

416.   This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

417.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

418.   Plaintiff complained about Defendants' discrimination and harassment.

419.   In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff

disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

420.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

421.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e.g., NYSHRL § 296(1) and § 296(6).

422.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

423.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

424.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE FIFTEENTH CAUSE OF ACTION
FOR RACE/ETHNICITY DISCRIMINATION
AND HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL**

425.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

426.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

427.   During all times material, Defendant Company was and is an employer within the meaning of the NYCHRL.

428.   At all relevant times, Defendant Dewine had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

429.   At all relevant times, Defendant Fisher had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

430.   At all relevant times, Defendant Rodriguez had some supervisory authority over Plaintiff's workplace and/or had the authority to carry out personnel decisions, including, but not limited to, the authority to discipline, to schedule, and/or to hire or fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

431.   At all relevant times herein, Plaintiff was and is a person within the meaning of the NYCHRL.

432.   At all relevant times, Plaintiff was and is an employee within the meaning of the NYCHRL.

433.   Defendants subjected Plaintiff to unlawful discrimination and harassment with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with

impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

434.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

435.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

436.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

437.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys' fees and costs.

438.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

439.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE SIXTEENTH CAUSE OF ACTION**
**FOR RACE/ETHNICITY RETALIATION UNDER THE NYCHRL**

440.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

441.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

442.    Plaintiff complained about Defendants' discrimination and harassment.

443.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

444.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

445.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

446.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

447.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

448.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

449.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

450.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE SEVENTEENTH CAUSE OF ACTION
## FOR NATIONAL ORIGIN DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT UNDER THE NYCHRL

451.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

452.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

453.     Defendants subjected Plaintiff to unlawful discrimination and harassment because of Plaintiff's sex and gender with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against

Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

454.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

455.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

456.     Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

457.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

458.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

459.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE EIGHTEENTH CAUSE OF ACTION**
**<u>FOR NATIONAL ORIGIN RETALIATION UNDER THE NYCHRL</u>**

460.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

461.   This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

462.   Plaintiff complained about Defendants' discrimination and harassment.

463.   In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

464.   Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

465.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

466.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

467.   Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

468.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

469.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

470.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE NINTEENTH CAUSE OF ACTION
## FOR SEX AND GENDER DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT UNDER THE NYCHRL

471.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

472.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

473.     Defendants subjected Plaintiff to unlawful discrimination and harassment with misconduct, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

474. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

475. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

476. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

477. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

478. As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

479. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE TWENTIETH CAUSE OF ACTION**
**FOR SEX AND GENDER RETALIATION UNDER THE NYCHRL**

480.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

481.   This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

482.   Plaintiff complained about Defendants' discrimination and harassment.

483.   In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, claiming that Plaintiff was involved in fraudulent activities because she was Asian; claiming that Asian people were involved in fraudulent activities; giving Plaintiff disciplinary write-ups for alleged conduct that non-Asian staff members did with impunity; not investigating sexual harassment occurring against Plaintiff, and constructively terminating Plaintiff's employment after her legally protected complaints.

484.   Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

485.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

486.   Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

487.   Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

488.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

489.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

490.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.     Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, Section 1981, the New York State Human Rights Law, and the New York City Human Rights Law; and that the Defendants discriminated against, harassed and retaliated against Plaintiff on the basis of race, ethnicity, national origin, sex, gender and legally protected complaints.

B.     Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C.     Awarding damages to Plaintiff for all lost wages and benefits, past and future, resulting from Defendants' unlawful discrimination and retaliation, and to

otherwise make Plaintiff whole for any losses suffered as a result of such

unlawful employment practices;

D.      Awarding Plaintiffs compensatory damages for mental and emotional distress,

and injury to reputation;

E.      Awarding Plaintiff punitive damages under the Title VII, Section 1981 and the

NYCHRL;

F.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution

of the action under Title VII, Section 1981 and the NYCHRL;

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable,

just and proper to remedy the Defendants' unlawful employment practices.


Dated:  New York, NY
          August 22, 2018


                      Respectfully submitted,

                      LAW OFFICES OF LAURIE E. MORRISON


               By:    _____
                    Laurie E. Morrison, Esq.
                    100 Church Street, 8th Floor
                    New York, New York 10007
                    (212) 721-4051 (office)
                    (646) 651-4821 (fax)
                    morrison@lemorrisonlaw.com
                    *Attorney for Plaintiff*


**TO:**

BLUEMERCURY, INC.
Via Secretary of State
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, New York, 12207-2543

MACY'S, INC.
Via Secretary of State
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, New York, 12207-2543

MACY'S CORPORATE SERVICES, INC.
Via Secretary of State
C/O Law Department
7 West Seventh Street
Cincinnati, Ohio, 45202

MACY'S RETAIL HOLDINGS, INC.
Via Secretary of State
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, New York, 12207-2543

MARGUERITE (MAGGIE) DEWINE
C/o Bluemercury (Defendant's Place of Employment)
695 Avenue of the Americas
New York, NY 10010

REXANA RODRIGUEZ
C/o Bluemercury (Defendant's Place of Employment)
695 Avenue of the Americas
New York, NY 10010

KATE FISHER
C/o Bluemercury (Defendant's Place of Employment)
695 Avenue of the Americas
New York, NY 10010